UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DARRYL F. THOMSPON, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:22-CV-267-KAC-JEM |
| MILLENNIA HOUSING MANAGEMENT, AMY ADAMS, AND MAINTENANCE CREW, | ) | |
| Defendants. | ) | |

## ORDER ADOPTING REPORT AND RECOMMENDATION AND DISMISSING CERTAIN CLAIMS

This civil case is before the Court on (1) United States Magistrate Judge Jill E. McCook's "Report and Recommendation" ("Report") entered March 3, 2023 [Doc. 17] and (2) Plaintiff's "Objection" [Doc. 19]. On August 8, 2022, pro se Plaintiff Darryl F. Thompson filed an unsigned Complaint [Doc. 1]. The Court ordered Plaintiff to "submit a corrected Complaint," [Doc. 5 at 1], which Plaintiff timely filed, [*see* Docs. 7; 8; 9; 10; 11].[1] Plaintiff's handwritten Complaint, as supplemented, seeks to sue Millennia Housing Management, property manager Amy Adams, and "maintenance crew" under Title III of the Americans with Disabilities Act (ADA); "42 U.S.C. § 3604(f)(3)(B)" of the Fair Housing Act (FHA); the "Terrorist Act;" "HUD list of rules;" "Section 504" of the Rehabilitation Act; "EPA;" "FCC;" and 42 U.S.C. § 1983 [Docs. 8 at 4; 7 at 1-3; 11 at 1, 4, 6-7].

On March 3, 2023, Judge McCook thoroughly screened Plaintiff's Complaint, as supplemented, under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B) [Doc. 17].

---

[1] To Plaintiff's benefit and in liberally construing his claims for screening under 28 U.S.C. § 1915(e)(2)(B), the Court considered Plaintiff's out-of-time supplements despite the Court's previous admonition that it "w[ould] not consider any amendments or supplements to the Complaint, other than to make the required corrections, until the Court has screened the Complaint" [Doc. 5 at 1].

Judge McCook recommends that this Court allow Plaintiff's (1) FHA reasonable accommodation claims against Defendants Millennia Housing Management and Amy Adams and (2) reasonable accommodation claim under Section 504 of the Rehabilitation Act against Defendant Millennia Housing Management to proceed [*Id.* at 6]. But Judge McCook recommends that this Court dismiss Plaintiff's claims (1) against any Defendant under Title III of the ADA, "HUD list of rules," "EPA," "Terrorist Act," or Section 1983, (2) against Defendant Adams under Section 504 of the Rehabilitation Act, and (3) against any "maintenance crew" defendant [*Id.* at 4 n.3, 6]. On March 14, 2023, Plaintiff made a filing—docketed as an "Objection"—which did not raise a particular objection to the Report but rather reasserted his FHA claims [*See* Doc. 19 at 1-2].[2]

As Judge McCook ably analyzed in her Report [*see generally* Doc. 12], to which Plaintiff has filed no substantive or particular objection, all of Plaintiff's claims against the "maintenance crew" and his claims under the "Terrorist Act," "EPA," 42 U.S.C. § 1983, Title III of the ADA, "HUD list of rules," and Section 504 of the Rehabilitation Act against Defendant Adams fail to state a claim upon which relief may be granted. To the extent Plaintiff intended to allege violations of the "FCC," these claims, too, fail to state a claim upon which relief may be granted. Plaintiff has failed to identify any viable legal theory under the claimed provision or any facts that would support an alleged violation. *See 16630 Southfield Ltd. P'ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013) (noting that "conclusory allegations in the complaint that the defendant violated the law" are insufficient). The Court therefore dismisses any claim Plaintiff purported to bring under the FCC. As Judge McCook further recommended, Plaintiff raised a possible claim for relief under (1) Section 504 of the Rehabilitation Act for a reasonable accommodation against

---

[2] Plaintiff also filed a purported "Amended Complaint" [Doc. 18], which is neither properly filed nor considered in this Order. Plaintiff's operative Complaint, which Judge McCook screened, is Plaintiff's initial Complaint [Doc. 1], as supplemented by certain later filings [*See* Docs. 6; 7; 8; 9; 10; 11; 12; 13; 14; 15; 16].

Defendant Millennia Housing Management and (2) the FHA for a reasonable accommodation against Defendants Millennia Housing Management and Adams. Accordingly, the Court (1) **ACCEPTS** and **ADOPTS** Judge McCook's Report [Doc. 17] under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2); (2) **DISMISSES** "maintenance crew" as a defendant in this action; and (3) **DISMISSES** any claims Plaintiff intended to raise under the Title III of the ADA, "HUD list of rules," "Terrorist Act," "EPA," Section 504 of the Rehabilitation Act against Defendant Adams, and 42 U.S.C. § 1983. The Court further **DISMISSES** any claims Plaintiff intended to raise under the "FCC."

**The sole remaining claims in this action are Plaintiff's (1) Fair Housing Act reasonable accommodation claims against Defendants Millennia Housing Management and Amy Adams and (2) reasonable accommodation claim under Section 504 of the Rehabilitation Act against Defendant Millennia Housing Management.** The Court **DIRECTS** the Clerk of Court to **SEND** Plaintiff service packets (a blank summons and USM 285 form) for Defendants Millennia Housing Management and Amy Adams. Plaintiff **MUST** complete the service packets and return them to the Clerk's Office within **twenty-one (21) days** of the date of this Order. At that time, the Clerk **SHALL** sign and seal the summonses and forward them to the U.S. Marshal for service. See Fed. R. Civ. P. 4(c)(3). Plaintiff is forewarned that if he fails to timely return the completed service packets, the Court will dismiss this action. See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

KATHERINE A. CRYTZER
United States District Judge