UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| DARRYL F. THOMPSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.: 3:22-CV-267-KAC-JEM |
| MILLENNIA HOUSING MANAGEMENT, LTD., et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER DENYING MOTION TO DISMISS AND DENYING DEFENDANTS' MOTION TO STRIKE

This civil case is before the Court on the (1) "Motion to Dismiss" [Doc. 41] filed by Defendants Millennia Housing Management, Limited and Amy Adams (collectively, "Defendants"), (2) Plaintiff's "Opposition to Defendant's Motion to Dismiss" [Doc. 43], and (3) Defendants' "Motion to Strike Plaintiff's Response in Opposition to Motion to Dismiss, Or, in the Alternative, Defendants' Reply Brief in Support of Motion to Dismiss" [Doc. 44]. On May 24, 2023, the Court granted Defendants' "Motion for a More Definite Statement" [Doc. 27] under Federal Rule of Civil Procedure 12(e) [Doc. 38]. The Court ordered Plaintiff, who is proceeding pro se, to file an Amended Complaint that complied with the Court's Order [*See* Doc. 38 at 3]. Plaintiff timely filed his Amended Complaint, listing the sole reasonable accommodation claim under Section 504 of the Rehabilitation Act on which he seeks to proceed and outlining his request for general and punitive damages [*See* Doc. 40 at 1, 3-4]. But Defendants now ask the Court to (1) dismiss Plaintiff's Amended Complaint under Rules 12(e) and 41(b) [*See* Doc. 41] and (2) strike Plaintiff's "Response in Opposition" under Rule 12(f) [*See* Doc. 44]. Mindful of the Supreme Court's instruction to liberally construe pro se pleadings, the Court denies Defendants' requests. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

*First*, dismissal of Plaintiff's Amended Complaint under either Rule 12(e) or 41(b) is not warranted. Plaintiff has not failed to comply with Rule 12(e). As relevant here, Rule 12(e) provides that "[i]f the court orders a more definite statement and the order is not obeyed within 14 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order." Fed. R. Civ. P. 12(e). "To comply, the party must submit an amended pleading containing sufficient detail to satisfy the court's discretion and to meet the opponent's valid objections to the earlier pleading." 5C Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1379 (3d ed. 2023).

On May 24, 2023, the Court ordered Plaintiff to:

> [F]ile **one (1)** Amended Complaint within **fourteen (14) days** of the entry of this Order. *See* Fed. R. Civ. P. 12(e). In that single filing, Plaintiff **SHALL legibly** identify the precise facts supporting his (1) Fair Housing Act reasonable accommodation claims against (a) Defendant Millennia Housing Management, Limited and (b) Defendant Amy Adams and (2) reasonable accommodation claim under Section 504 of the Rehabilitation Act against Defendant Millennia Housing Management, Limited. Plaintiff **SHALL legibly** identify his requested damages.

[Doc. 38 at 3]. On May 31, 2023, Plaintiff filed an Amended Complaint in response to the Court's Order [*See* Doc. 40]. The Amended Complaint is more legible than Plaintiff's prior filings. It limits Plaintiff's claims in this case to one reasonable accommodation claim under Section 504 of the Rehabilitation Act against Defendant Millennia Housing Management, Limited [*Id.* at 2-3]. Plaintiff bases his claim against Defendant Millennia Housing Management, Limited on actions taken by its purported representative, Amy Adams, after Plaintiff gave her information about Plaintiff's apartment and medical conditions [*See id.* at 2-3].[1] Despite the Court's clear directions,

---

[1] To the extent that Plaintiff's Amended Complaint could be read to seek to add Amy Adams as a defendant liable in his reasonable accommodation claim under Section 504 of the Rehabilitation Act, the Court did not permit such an amendment [*See* Doc. 38 at 2]. And Plaintiff cannot add Amy Adams as a defendant with respect to that claim here.

2

Plaintiff did not include any reference to any Fair Housing Act reasonable accommodation claim. So, Plaintiff no longer wishes to proceed with those claims. And the Court will not later permit him to proceed on this abandoned theory. In his Amended Complaint, Plaintiff also identified his requested damages: Plaintiff seeks a "reward" of "punitive damages" and a "verdict" that Defendants "cannot treat people like nothing" [*Id.* at 3-4]. Plaintiff therefore requests general and punitive damages. Liberally construing the pleading and holding it "to less stringent standards than formal pleadings drafted by lawyers," Plaintiff's Amended Complaint "contains sufficient detail" and complies with the Court's May 24, 2023 Order. *See Haines*, 404 U.S. at 520; *see also Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999); 5C Charles Wright & Arthur Miller, Fed. Prac. & Proc. Civ. § 1379 (3d ed. 2023). For these reasons, dismissal of Plaintiff's Amended Complaint under Rule 41(b) for failure "to comply with . . . a court order" is likewise not warranted—Plaintiff has met the requirements of the Court's Order. *See* Fed. R. Civ. P. 41(b); *Steward v. City of Jackson*, 8 F. App'x 294, 296 (6th Cir. 2001).

**Second**, the Court will not strike Plaintiff's "Response in Opposition" [*See* Doc. 43]. Defendants argue that Plaintiff's Response "alleges numerous instances of new facts" and "alleges three new causes of action" [*See* Doc. 44 at 1]. But Plaintiff cannot amend his "complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Waskul v. Washtenaw Cnty. Cmty. Mental Health*, 979 F.3d 426, 440 (6th Cir. 2020). Given the proper construction of Plaintiff's operative Amended Complaint [Doc. 40], this case will proceed only on Plaintiff's reasonable accommodation claim under Section 504 of the Rehabilitation Act against Defendant Millennia Housing Management, Limited for general and punitive damages.

Accordingly, the Court **DENIES** Defendants' "Motion to Dismiss" [Doc. 41]. The Court also **DENIES** Defendants' "Motion to Strike Plaintiff's Response" [Doc. 44]. The Court **DIRECTS** the Clerk to strike Amy Adams as a named Defendant in this action. The Court has not yet been asked to consider the merits of Plaintiff's claim or request for damages. The Court would take up any substantive motion to dismiss at the appropriate time.

IT IS SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge