UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| DARRYL F. THOMPSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:22-CV-267-KAC-JEM |
| ) | |
| MILLENNIA HOUSING MANAGEMENT, ) | |
| LTD., ) | |
| ) | |
| Defendant. ) | |

## ORDER DISMISSING ACTION

Because Plaintiff has failed to comply with this Court's Order and diligently prosecute this action, the Court dismisses this action with prejudice. On October 18, 2023, Defendant Millenia Housing Management, LTD. filed a "Motion for Summary Judgment" [Doc. 57]. On November 21, the Court ordered Plaintiff, who is proceeding pro se, to show cause "why this action should not be dismissed under Federal Rule of Civil Procedure 41(b), and Local Rules 83.13 and 7.2" [Doc. 59 at 2]. The Court expressly warned Plaintiff that failure to respond to the Court's order "within fourteen (14) days" "will result in dismissal of this action" [*Id.*]. Nevertheless, Plaintiff failed to comply with the Court's November 21 Order. Plaintiff has not filed any response or otherwise communicated with the Court since June 23, 2023 [*See* Doc. 43]. And the Court recently received further indication that the address Plaintiff provided to the Court is not valid because his address has changed [*See* Doc. 60]. But Plaintiff has not notified the Court of a change of address, as is required by Local Rule 83.13.

Under Federal Rule of Civil Procedure 41(b), the Court may dismiss an action where Plaintiff fails to prosecute or fails to comply with a court order. *See Schafer v. City of Defiance*

*Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citation omitted) (noting that Rule 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the court"). The Court, too, has an obligation to ensure that cases do not languish on its docket. *See Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962). As such, Rule 41(b) "is available to the district court as a tool to effect management of its docket and" to avoid "unnecessary burdens on the tax-supported courts [and] opposing parties." *Knoll v. AT&T Co.*, 176 F.3d 359, 363 (6th Cir. 1999) (citation and quotation marks omitted). When considering dismissal of an action under Rule 41(b), a court must assess:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered [before dismissal].

*Rodriguez v. Hirshberg Acceptance Corp.*, 62 F.4th 270, 277 (6th Cir. 2023) (citing *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)). Local Rule 83.13 similarly provides that "[t]he failure of a pro se plaintiff to timely respond to an order or pleading addressed to the last address provided to the Clerk may result in dismissal of the case or other appropriate action." E.D. Tenn. L.R. 83.13.

The relevant considerations compel dismissal with prejudice here. **First**, Plaintiff has willfully failed to comply with the Court's November 21 Order and this Court's Local Rules. **Second**, Plaintiff's conduct prejudiced Defendant by causing it to waste "time, money, and effort in pursuit of cooperation" from Plaintiff that was not forthcoming. *See id.* at 277 (citations and quotation marks omitted). Further, neither Defendant nor the Court can contact Plaintiff without a valid address. This prevents Defendant from appropriately defending against this action. **Third**, the Court expressly warned Plaintiff that a failure to comply with its November 21 Order would

result in dismissal of this action [Doc. 59 at 2]. And since the Court's November 21 Order, Plaintiff has failed to file anything with the Court. Plaintiff has also failed to provide a valid address. ***Finally***, dismissal of the case with prejudice is appropriate because any lesser sanction would permit the case to languish on the Court's docket without any indication that the action could, or would, proceed. *See Link*, 370 U.S. at 629-30. Accordingly, the Court **DISMISSES** this action **with prejudice** under Federal Rule of Civil Procedure 41(b) and Local Rule 83.13. *See Rodriguez*, 62 F.4th at 277; *see also* E.D. Tenn. L.R. 83.13. An appropriate judgment will enter.

SO ORDERED.

/s/ Katherine Crytzer
KATHERINE A. CRYTZER
United States District Judge

3

Case 3:22-cv-00267-KAC-JEM   Document 61   Filed 12/11/23   Page 3 of 3   PageID #: 320